IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANK SERNA,

      Plaintiff,

    v.                                                                                          Civ. No. 18-1142 SCY

ANDREW SAUL, Commissioner of Social
Security,[1]

      Defendant.

## MEMORANDUM OPINION AND ORDER[2]

THIS MATTER comes before the Court on Plaintiff Frank Serna's Petition For Attorney's Fees Pursuant To The Equal Access To Justice Act, 28 U.S.C.A. Section 2412(d). Doc. 37. Plaintiff seeks $7,987 in attorney's fees. *Id.* at 4. The Commissioner filed a response in opposition, Doc. 38, and Plaintiff filed a reply, Doc. 39. Having reviewed the briefing, the record, and the relevant law, the Court DENIES the motion for fees under the Equal Access To Justice Act ("EAJA").

Attorney's fees are required under the EAJA if "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). In this case, the Commissioner does not contest elements one or three, and argues only that his position was substantially justified. His

---

[1] Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019 and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 15, 17, 18.

"position" refers to both the Commissioner's position in the federal civil case and the agency's actions at the administrative level. 28 U.S.C. § 2412(d)(2)(D).

The Commissioner bears the burden of showing that his position was substantially justified. *Hackett*, 475 F.3d at 1172. "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* (quotation marks omitted). "[T]he government's position must be 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The government's position can be justified even though it is not correct." *Id.* (quotation omitted). In particular, "[w]hen an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, 125 F. App'x 913, 916 (10th Cir. 2005) (quoting *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987)). "In determining whether the government's position was reasonable, the trial judge must make a separate review of the government's position to determine whether it was substantially justified." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). "The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue." *Id.*

Plaintiff raised three issues for review in his motion to remand: (1) the ALJ failed to explain and resolve the conflicts between the VE's testimony and the Dictionary of Occupational Titles, Doc. 25 at 3-14; (2) the ALJ failed to discuss or give weight to medical opinions issued by a consultative examiner, *id.* at 15-19; and (3) the ALJ failed to engage in a function-by-function analysis of all of Mr. Serna's physical limitations, *id.* at 19-22. The Court ultimately only considered Plaintiff's second argument and remanded on that basis. Doc. 35 at 5.

The Court held that the ALJ was required to evaluate the medical opinion of consulting physician Dr. Carlos Pastrana, M.D. Doc. 35 at 8-11. Mr. Serna argued that the ALJ was required to "discuss the medical opinions" offered by Dr. Pastrana in his report and "state the weight" he gave to those opinions. Doc. 25 at 16. Mr. Serna argued that this error was harmful because the ALJ failed to include in the RFC "the significant left arm, elbow, forearm, wrist, hand, and finger limitations found by Dr. Pastrana's physical examinations." Doc. 25 at 17.

The Commissioner argued that Dr. Pastrana did not "did not offer any opinion of Plaintiff's functional abilities or limitations at either examination" and instead only issued "examination findings and diagnostic impressions." Doc. 33 at 10. The Commissioner argued that "[a]n ALJ is not required to weigh findings or impressions; an ALJ weighs only medical opinions." *Id*. In support of his argument, the Commissioner cited *Welch v. Colvin*, 566 F. App'x 691 (10th Cir. 2014). *See* Doc. 33 at 10. In *Welch*, an unpublished opinion, the Tenth Circuit held that "none of the physicians Ms. Welch identifies provided medical opinions about her that, given her impairments, the ALJ was required to weigh." 566 F. App'x at 693-94. "Rather, each physician simply diagnosed her impairments and in some cases recommended treatment for them." *Id.* at 694.

The Court ultimately sided with Plaintiff. Dr. Pastrana did more than simply diagnose Mr. Serna's impairment; he also discussed limitations relevant to Mr. Serna's ability to grip or otherwise handle items with his left hand. Doc. 35 at 10. Dr. Pastrana's statement indisputably contained his judgment about the nature and severity of Mr. Serna's physical limitations. *Id.*

The Court finds that the Commissioner's position, though ultimately incorrect, was substantially justified. *Hadden*, 851 F.2d at 1267 (the success or failure of the Commissioner's argument is not determinative of whether that position was substantially justified). Although the

3

Court did not expressly say so, the issue was a very close call. Dr. Pastrana's report certainly did not, on first glance, look like a classical medical opinion with functional occupational limitations. It was old, submitted as part of a *prior* application for benefits. It did not include a judgment about what Mr. Serna can still do despite his impairments. Doc. 35 at 11. And as the Commissioner points out in its response on the fee issue, it bore some resemblance to many medical documents that other courts have found were not true medical opinions. *McDonald v. Astrue*, 492 F. App'x 875 (10th Cir. 2012) (treatment notes reporting symptoms, a list of her strengths, and the results of mental status examinations); *Osborn v. Colvin*, No. 14-CV-00966-LTB, 2015 WL 9186177 (D. Colo. Dec. 17, 2015) (psychiatrist's opinion that the claimant was very disorganized, changing topics, interrupting, disjointed thoughts, some paranoia; was disheveled; appeared to have lost weight; and was making unsupported accusations); *Britt v. Saul*, No. 7:18-CV-107-FL, 2019 WL 4855717 (E.D.N.C. Sept. 30, 2019) (notes reflecting subjective symptoms, the results of examinations and objective testing, and diagnoses).

      Also as the Commissioner points out, the ALJ in this case did not *ignore* Dr. Pastrana's report. Doc. 35 at 8. The ALJ acknowledged the physical examinations performed by Dr. Pastrana that revealed that Mr. Serna "demonstrated 4/5 grip strength, positive straight leg raises, antalgic gait, and restricted range of motion and decreased sensation in the upper extremities." AR 16 (citing Dr. Pastrana's examinations at Exhibits B3F & B4F). The ALJ discounted "these abnormal clinical presentations" because they "are offset by evidence of effective treatment, otherwise benign presentations noted elsewhere in the record, and his robust activities of daily living." *Id.* This discussion did not quite meet the specificity required for the Court to discern how the ALJ analyzed and accorded weight to a true medical opinion. But—again—it was close.

Plaintiff argues that Defendant's position was post-hoc rationalization, which can never render a position substantially justified. Doc. 39 at 3-4. The Court did not find that the Commissioner was engaging in post-hoc rationalization. Rather, the Commission cited the correct legal standards and applied them to argue that Dr. Pastrana's opinion was not a real medical opinion. If Dr. Pastrana's opinion had not been a true medical opinion, the Commissioner would have been correct that the ALJ's decision would only have been reviewed for whether he considered all the relevant evidence—which, as noted above, he had. The Court ultimately disagreed with the Commissioner, but this was not an improper method of defending an ALJ decision.

Plaintiff further argues that the Commissioner's position must be "substantially justified" with respect to each issue raised on appeal. Doc. 39 at 2, 4. Plaintiff points out that the Court did not rule on the other two issues Plaintiff raised, and that the Court may have found other legal errors in this case had it done so. *Id.* Plaintiff does not cite any authority for the proposition that the Court must now determine whether the Commissioner or Plaintiff would have prevailed on the other issues. To the contrary, *Hackett* indicates that the case should be treated as an inclusive whole, rather than as atomized line-items, and that an issue-by-issue approach is therefore not appropriate. 475 F.3d at 1174 n.1.

Even if the Court were to look at these issues, it would not need to engage in a comprehensive analysis of whether the Commissioner was correct. The Court finds the Commissioner's position was at least substantially justified.

First, Plaintiff argued that the ALJ restricted Mr. Serna to at most, only "occasional handling" with the left upper extremity. Doc. 25 at 6. With this restriction in mind, the VE testified that Serna could perform jobs that required "frequent handling." *Id*. Mr. Serna argued

5

that this was a conflict with the DOT, even though Mr. Serna simultaneously admitted that "[t]he Dictionary of Occupational Titles is *silent* about whether these jobs could be performed with only one arm." *Id.* (emphasis added). Thus, reasonably enough, the VE testified at the hearing that: "The DOT doesn't give an opinion on that kind of thing. I do." AR 599. As the Commissioner pointed out in its response to the motion to remand, the VE testified that her testimony was based on her professional opinion and experience with employers' surveys. AR 600-01. Further, SSR 00-4p explicitly provides that a reasonable explanation for a conflict may be the expert's experience. Doc. 33 at 17. This position was at least substantially justified.

Second, Plaintiff argued that the ALJ failed to incorporate limitations from an opinion by Dr. Phillips without explanation. Doc. 25 at 17-19. The Court finds the Commissioner's position substantially justified with respect to Dr. Phillips' opinion for the same reasons set forth above regarding Dr. Pastrana's opinion.

Finally, Plaintiff argued that "the ALJ did not include any functional analyses with respect to the work-related abilities of 'lifting and carrying'; 'fingering and feeling'; or 'pushing and pulling.'" Doc. 25 at 19. The Commissioner argued that the purpose of the function-by-function assessment at step five is to ensure that an ALJ does not overlook limitations or restrictions that would narrow the ranges and types of work that a claimant can perform. Doc. 33 at 14 (citing *Hendron v. Colvin*, 767 F.3d 951, 956 (10th Cir. 2014)). In other words, it is not a requirement that the RFC itself contain all of these limitations. Because the ALJ discussed medical evidence and opinion evidence related to these functions, the Commissioner argued, there was no error. AR 16-18. Again, this position was at least substantially justified.

Because the Court concludes that Defendant's position was substantially justified, the Court DENIES Plaintiff's Motion for Attorney Fees, Doc. 37.

IT IS SO ORDERED.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by Consent**