# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**FRANK SERNA,**

    **Plaintiff,**

    **vs.**                                                                       Civ. No. 18-1142 SCY

**ANDREW SAUL,**
**Commissioner of Social Security,**

    **Defendant.**

## ORDER GRANTING MOTION FOR ATTORNEY FEES

**THIS MATTER** comes before the Court on Plaintiff's Motion For Attorney Fees Pursuant To The Social Security Act, 42 U.S.C. § 406(b), filed April 28, 2021. Doc. 43. The Commissioner indicates he is not a party to § 406(b) fee awards and generally takes no position on such petitions. Doc. 44 at 2; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, []he plays a part in the fee determination resembling that of a trustee for the claimants"). Having considered the Motion and the relevant law, the Court **GRANTS** Plaintiff's Motion.

## BACKGROUND

Frank Serna instituted an action in this Court seeking judicial review of her denied disability claim. Doc. 1. The Court reversed and remanded to the Social Security Administration for a rehearing. Doc. 35. Plaintiff filed an Opposed Motion For Attorney Fees Pursuant To The Equal Access To Justice Act, Doc. 37, which the Court denied, Doc. 40.

On February 25, 2021, an Administrative Law Judge issued a final administrative decision, which was fully favorable to Mr. Serna. Doc. 43 at 3. On April 16, the Agency sent a Notice of Award calculating Mr. Serna's past-due benefit amounts. Doc. 43-1. The Agency

failed to note whether it was withholding 25 percent of this amount, or $12,409, in order to pay for lawyer's fees. *Id.* On occasion, the agency inadvertently does not withhold past-due benefits that it should have withheld. *See* Social Security Administration Program Operations Manual System ("POMS") GN 03920.055, 2001 WL 1929691. Under such circumstances, counsel must look to the claimant rather than the agency to recover the fee award. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008).

Mr. Serna's attorney, David B. Goetz, Esquire, now seeks $12,409 in attorneys' fees pursuant to 42 U.S.C. § 406(b)(1), and argues that this amount is the 25% of past-due benefits statutorily authorized for attorneys' fees for representation in court proceedings, represents a fair contingency fee, and is justified by the time expended on this case and the skill of the attorney. Doc. 43.

## **LEGAL STANDARD**

Attorneys' fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the Agency and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b).

For representation in the administrative proceedings, the statute permits an attorney to file a fee petition or a fee agreement with the agency "whenever the Commissioner . . . makes a determination favorable to the claimant." 42 U.S.C. § 406(a). Attorneys may currently receive a maximum award of the lesser of $6,000 or 25% of the past-due benefits. 42 U.S.C. § 406(a)(2)(A); *see Gisbrecht*, 535 U.S. at 794 (explaining the fee petition process).[1]

---

[1] Although the statute initially set a maximum amount of $4,000, it also gave the Commissioner the authority to increase this amount. 42 U.S.C. § 406(a)(2)(A). Effective June 22, 2009, the

For representation in court proceedings, courts may award fees under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). The statute limits a fee award for representation before a court to 25% of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). Separate awards of attorney fees for representation before the Agency and in court—for example, fees pursuant to § 406(b) or the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412—are not limited to an aggregate of 25% of past-due benefits. *Wrenn v. Astrue*, 525 F.3d 931, 936-38 (10th Cir. 2008). However, if fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2 (10th Cir. 2006).

While § 406(b) permits contingency fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements are reasonable. *Gisbrecht*, 535 U.S. at 807. Fee agreements are flatly unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits, but fees may be unreasonable even if they fall below this number, and there is no presumption that fees equating to 25% of past-due benefits are reasonable. *Id*. at 807 n.17. The attorney seeking fees bears the burden of demonstrating the reasonableness of the fee. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808. If the attorney is responsible for delay, the fee may be reduced so that the attorney does not profit from the accumulation of benefits while the case was pending in court. *Id*. Such a reduction also protects the claimant, as fees paid under

---

Commissioner increased the maximum amount to $6,000. Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (Feb. 4, 2009).

§ 406(b) are taken from, and not in addition to, the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The fee may also be reduced if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht,* 535 U.S. at 808. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for noncontingent-fee cases. *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

## **REASONBLENESS DETERMINATION**

Counsel's fee request is reasonable. First, although counsel does not specifically address the issue of timeliness, the Court finds that counsel filed the fee request within a reasonable time, less than two weeks.[2] There is no evidence that counsel delayed in the proceedings before this Court. Further, counsel's representation was more than adequate and yielded a fully favorable decision from the agency. Finally, counsel's fee request is not disproportionately large in comparison to the amount of time spent on the case. Counsel represents he spent 39.2 hours on Mr. Serna's case in federal court, Doc. 43 at 4, which translates into an hourly rate of $316.56.

This rate is slightly higher than the Court would normally award for hourly work. However, the Court is appreciative of the high risk involved in Social Security litigation for plaintiffs' counsel in general, recognizes that the field is highly specialized, and finds that the fairly low number of hours spent on this case is due to the efficiency, skill, and experience of Mr. Serna's attorney. The Court also notes that this award is lower than other hourly rates authorized

---

[2] Counsel also moved for, and received, Court permission to wait until the Notice of Award was issued before requesting attorneys' fees. Docs. 41 & 42.

in this District under § 406(b). *See Ferguson v. Barnhart*, No. 02-cv-823 KBM (D.N.M. May 31, 2006) (hourly rate of $516.60); *Valdez v. Barnhart*, No. 00-cv-1777 MV/LCS (D.N.M. Nov. 8, 2005) (hourly rate of $645.16); *Montes v. Barnhart*, No. 01-cv-578 BB/KBM (D.N.M. Dec. 3, 2004) (hourly rate of $701.75); *Valdez v. Saul*, No. 18-cv-444 CG (D.N.M. Sept. 17, 2019) (hourly rate of $787.00). Thus, my independent check finds the requested award to be both appropriate and reasonable.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **GRANTED**. The Court hereby authorizes $12,409 in attorney fees for legal services rendered in the United States District Court, payable to David B. Goetz, Esquire, to be paid from the claimant's past-due benefits and not general agency funds.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**